1 | Bernard R. Mazaheri
2 | Mazaheri & Mazaheri
3 | 20 E Thomas Rd Ste 2200
  | Phoenix, Arizona 85012
4 | Arizona Bar Number 034891
5 | Email - bernie@thelaborfirm.com
  | Tel – (602) 529-4935
6 |
7 | Attorney for Plaintiff Mohammed Zachi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Mohammed Zachi, | No. |
|---|---|
| Plaintiff, | |
| v. | Complaint |
| Security Industry Specialists, Inc., | |
| Defendant. | |

DATED this 22nd day of December, 2020

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Attorney for Plaintiff Hood

1

1. The Plaintiff, Mohammed Zachi, sues Defendant, Security Industry Specialists, Inc., for religious discrimination in violation of Title VII.

2. The Honorable Court has original jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).

3. Plaintiff worked for Defendant as a security specialist in Mesa, Arizona.

4. Venue is appropriate in the Phoenix Division pursuant to LRCiv 77.1(a) as the operative facts occurred in Maricopa County, Arizona.

5. Plaintiff worked for Defendant on two occasions.

6. On the first occasion, Plaintiff worked for Defendant from December 10, 2013 through March 9, 2014.

7. On the second occasion, Plaintiff worked for Defendant from March 15, 2017 through September 26, 2018.

8. This lawsuit involves the discriminatory actions that Plaintiff endured at the hands of his supervisor during his second occasion of working for Defendant.

9. Plaintiff is Muslim.

10. Defendant knew that Plaintiff was a practicing Muslim.

11. Defendant is a California corporation.

12. Plaintiff worked for Defendant in Arizona.

13. Defendant employs in excess of 15 employees.

14. In fact, Defendant employs in excess of 500 employees.

15. Rolando Rodriguez was Plaintiff's supervisor.

16. Rodriguez knew that Plaintiff was Muslim.

17. Plaintiff requested a religious accommodation.

18. As part of his religion, Plaintiff maintained a beard.

19. Defendant granted Plaintiff's religious accommodation.

20. However, Rodriguez did not approve of Plaintiff's accommodation.

21. Rodriguez made it known to Plaintiff that he found Plaintiff's beard offensive.

22. Rodriguez had the authority to schedule Plaintiff.

23. Plaintiff was an hourly paid employee.

24. He only received monies for hours that he worked.

25. During Advent of 2017, the employees of Defendant,

including Plaintiff and Rodriguez, informally discussed Christmas amongst themselves.

26. Plaintiff participated in the conversation as a non-Christian.

27. Rodriguez's attitude towards Plaintiff changed during Advent in the year of 2017.

28. Plaintiff did not initially realize that Rodriguez was discriminating against him.

29. Prior to Advent 2017, Plaintiff regularly worked multiple shifts in a week.

30. Prior to Advent 2017, Rodriguez scheduled Plaintiff multiple shifts per week.

31. As a result of Rodriguez's scheduling before Advent 2017, Plaintiff earned more monies working for Defendant.

32. After Advent of 2017, Rodriguez did not schedule Plaintiff as much as before.

33. In fact, Rodriguez scheduled Plaintiff only once a week from the week of December 30, 2017 through the week of January 27, 2018.

34. When February 2018 began, Plaintiff became conscious that

although work was available Rodriguez refused to schedule Plaintiff for more than one shift per week.

35. Plaintiff routinely called Rodriguez to ask for work.

36. Rodriguez would not give Plaintiff the same amount of work he provided other employees under his command.

37. In fact, Rodriguez did not give a shift to Plaintiff from May to July 2018.

38. Defendant had shifts available during the above period of time starting in May 2018 and ending in July 2018.

39. Plaintiff had seniority.

40. Nevertheless, Rodriguez intentionally limited Plaintiff's hours of work because he was Muslim.

41. Rodriguez's motivation to not schedule Plaintiff was in whole or in part due to his religion.

42. Throughout the period of time, Plaintiff sought assistance from Defendant and was only told to ask Rodriguez for more work, which Plaintiff did to no avail.

43. Even if Defendant had reasons other than Plaintiff's religion

5

not to assign him more shifts, Defendant did not assign Plaintiff as much shifts as others similarly situated in part due to his religion.

44. Finally, Defendant gave Plaintiff's adequate shifts during the week of July 14, 2018, where Plaintiff received 6 shifts, then the following week he got 4 shifts, followed by 6 shifts and then 7 shifts.

45. Rodriguez was sickened by the fact that Plaintiff, a Muslim, was around so much.

46. Hitherto Rodriguez expressed his view about Plaintiff's religion directly to his face in front of others.

47. Rodriguez declared xenophobically to Plaintiff: "I have a shaving razor to shave your beard Zachi."

48. Uttering "I have a shaving razor to shave your beard" by a supervisor to a Muslim subordinate employee that has a beard for religious reasons is xenophobic.

49. Plaintiff reported the racist comment to Defendant.

50. Defendant investigated the complaint.

51. Defendant found that Rodriguez made the above declaration.

52. Defendant did not reveal to Plaintiff that it had confirmed that

Rodriguez had engaged in conduct that violated the employment policies of Defendant.

53. Defendant did not adequately investigate Plaintiff's complaint that he had been denied myriad of shifts in 2018 due to a xenophobic supervisor that controlled Plaintiff's hours of employment.

54. On May 31, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

55. In Plaintiff's charge of discrimination, he alleged that Defendant discriminated against him because of his religion from February 1, 2018 through September 30, 2018, ultimately leading to his termination.

56. Defendant through the actions of Rodriguez treated non-Muslim employees better than Muslim employees.

57. Defendant did not schedule Plaintiff as much as other employees in the year of 2018 because of his religion or in part due to his religious practice of not shaving.

58. In July 2018, Rodriguez provided direct evidence of his motive of limiting Plaintiff's schedule.

59. Rodriguez's declaration to Plaintiff that "I have a shaving razor to shave your beard" is direct evidence of his discriminatory motive.

60. If it is believed that Rodriguez made the above declaration then discriminatory animus of the decision maker is proven without inference or presumption.

61. Defendant believes that Rodriguez made this clearly xenophobic declaration to Plaintiff.

62. The fact that Plaintiff was given less shifts than similarly situated employees during 2018 amounts to adverse employment actions.

63. But for Rodriguez's anti-Islamic bias towards Plaintiff, he would have earned more monies in 2018 working for Defendant than he actually earned and would have continued working for Defendant.

64. The discriminatory actions of Rodriguez are imputed upon the Defendant.

65. Defendant is responsible.

66. Defendant acted in reckless disregard of Title VII.

67. Defendant willfully violated Title VII.

68. Defendant did not take prompt remedial action.

69. Plaintiff has been harmed by Defendant.

70. Plaintiff was qualified for his position and uniquely situated to work for Defendant, but he was denied shifts in whole or in part due to his religion.

71. Defendant permitted Rodriguez to make decisions regarding Plaintiff's work.

72. The EEOC issued a right to sue letter on September 23, 2020.

73. This lawsuit is filed within 90 days of Plaintiff receiving his right to sue letter.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, interest, compensatory damages, punitive damages, attorney's fees and costs.

Respectfully submitted this 22nd day of December 2020,

**/s/ Bernard R. Mazaheri**
Bernard R. Mazaheri
Mazaheri & Mazaheri
20 E Thomas Rd Ste 2200
Phoenix, Arizona 85012
Email - bernie@thelaborfirm.com
Tel – (602) 529-4935

Attorney for Plaintiff Zachi